# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHN WILLIAM MUNSON,**

    **Plaintiff,**

vs.                                  Case No. 4:16cv563-RH/CAS

**CAROLYN COLVIN,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff John William Munson initiated this case on September 12, 2016. Mr. Munson was granted leave to proceed in forma pauperis, ECF and directed to file an amended complaint on court forms. ECF No. 4. Rather than clarifying his claims, Mr. Munson's amended complaint provided greater confusion. The form contains checkmarks indicating this case concerns four different types of claims: a Disability Insurance Benefits Claim, Supplemental Security Income Claim, an application for "Regular"

Social Security Benefits, and a claim under 42 U.S.C. § 301.[1] Additionally, the amended complaint contained numerous pages of irrelevant background information such as information concerning secret patents, the space shuttle flight path, a hostile takeover, secret work, and more. ECF No. 6. Mr. Munson also did not comply with the prior Order, ECF No. 4, because he did not attach any documentation from the Social Security Administration which might clarify the basis for this case or the decision he desired to challenge.

    Because it was unclear whether Mr. Munson received a final decision concerning social security benefits, an Order was entered directing him to file a second amended complaint clarifying the decision of the Social Security Administration that he wished to challenge. ECF No. 8. Mr. Munson was advised that his second amended complaint was to be filed by December 15, 2016. *Id.* That Order was returned to the Court as undeliverable. ECF No. 9. Nothing has been received from Mr. Munson

---

[1] That statute provides: "For the purpose of enabling each State, as far as practicable under the conditions in such State, to furnish financial assistance to aged needy individuals, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this subchapter. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary of Health and Human Services (hereinafter referred to as the "Secretary"), State plans for old-age assistance." 42 U.S.C. § 301.

Case No. 4:16cv563-RH/CAS

since October 2016, and it would appear that he has abandoned this litigation.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2017.

      S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv563-RH/CAS